ROBERT H. PLATT (Bar No. CA 108533)
MARK S. LEE (Bar No. CA 094103)
SETH REAGAN (Bar No. CA 279368)
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: mlee@manatt.com

Attorneys for Plaintiff
BARRY DILLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BARRY DILLER, an individual,

    Plaintiff,

vs.

BARRYDRILLER CONTENT SYSTEMS PLC.; BARRY DRILLER, INC.; AEREOKILLER, LLC; FILMON.COM, INC.; ALKIVIADES DAVID A/K/A ALKI DAVID, an individual; and DOES 1 through 10, inclusive,

    Defendants.

Case No. CV12-07200 MMM (Ex)

COMPLAINT FOR:

(1) FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a), *et seq.*);

(2) VIOLATION OF THE COMMON LAW RIGHT OF PUBLICITY;

(3) VIOLATION OF STATUTORY RIGHT OF PUBLICITY (CALIFORNIA CIVIL CODE § 3344); and

(4) CYBERSQUATTING UNDER THE LANHAM ACT (15 U.S.C. § 1125(e), *et seq.*)

Plaintiff Barry Diller ("Plaintiff"), by his undersigned counsel, hereby alleges as follows:

## SUMMARY OF ACTION

1. Plaintiff is one of the most well known business leaders in the United States. Plaintiff is involved with a company, Aereo, Inc. ("Aereo"), that offers consumers the ability to view broadcast television programs on internet-enabled

304036285.2

devices. Defendants purport to offer a competing service. By way of background, in November 2010, a federal court in New York issued a temporary restraining order prohibiting Defendant FilmOn.com, Inc. from offering its services in the marketplace. It is unclear how, if at all, Defendants' new business differs from the one that was enjoined. In July 2012, the same federal court in New York denied a preliminary injunction brought by certain broadcast companies and allowed Aereo, the company backed by Plaintiff, to continue operating its business.

2. Seeking to unfairly capitalize on the success of the new business venture supported by Plaintiff, Defendants devised a scheme to launch what they characterize as a competing business called "BarryDriller.com." Defendants are using Plaintiff's name in their "BarryDriller.com" business to (1) associate their service with Plaintiff, and (2) mislead the public into believing that Defendants' service has been judicially sanctioned. Defendants' actions are designed to divert consumers from the business supported by Plaintiff to Defendants' business, and they have ignored Plaintiff's demand that they stop their misconduct.

3. Plaintiff seeks injunctive relief to stop Defendants from engaging in this conduct, and compensatory and punitive damages to compensate him for the harm he has suffered and to punish Defendants for their misconduct.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, as well as pendent jurisdiction over the state law claims asserted herein. Venue is proper in this district under 28 U.S.C. § 1391(b) in that, *inter alia*, Defendants are located in and do business in this district, and a substantial portion of the events described in this Complaint occurred in this district.

## PARTIES

5. Plaintiff is an individual who maintains residences in New York and California. Among other positions, Plaintiff currently serves as the Chairman and

Senior Executive of internet company IAC/InterActiveCorp.

6. On information and belief, Defendant Alki David ("David") is an individual who resides in Beverly Hills, California. David is the founder and owner of various online ventures, including FilmOn.com, Inc., and, Plaintiff is informed and believes, BarryDriller Content Systems Plc., Barry Driller, Inc., and Aereokiller, LLC. Plaintiff is informed and believes that in conjunction with the other Defendants, David operates an internet streaming service called BarryDriller, located at the website BarryDriller.com, and has been personally involved in the infringing activity described herein.

7. On information and belief, Defendant FilmOn.com, Inc. is a Delaware corporation with its principal place of business in Beverly Hills, California, that until restrained by a court order in November 2010, operated a service that permitted consumers to view broadcast television programs on internet-enabled devices. Plaintiff is informed and believes that in conjunction with the other Defendants, FilmOn.com, Inc. operates an internet streaming service called BarryDriller, located at the website BarryDriller.com.

8. On information and belief, Defendant BarryDriller Content Systems Plc. is a public limited company or other business of unknown type which is doing business in Los Angeles, California. Plaintiff is informed and believes that in conjunction with the other Defendants, BarryDriller Content Systems Plc. operates an internet streaming service called BarryDriller, located at the website BarryDriller.com.

9. On information and belief, Defendant Barry Driller, Inc. is a corporation or other business of unknown type, whose place of registration is unknown, and which is doing business in Los Angeles, California. Plaintiff is informed and believes that in conjunction with the other Defendants, Barry Driller, Inc. operates an internet streaming service called BarryDriller, located at the website BarryDriller.com.

10. On information and belief, Defendant Aereokiller, LLC is a limited liability company or other business of unknown type, whose place of registration is unknown, and which is doing business in Los Angeles, California. Plaintiff is informed and believes that in conjunction with the other Defendants, Aereokiller, LLC owns and/or operates an internet streaming service called BarryDriller, located at the website BarryDriller.com.

11. The true names and capacities, whether individual, corporate, associated, or otherwise, of certain Defendants sued herein as DOES 1-10 inclusive are presently unknown to Plaintiff, who therefore sues these Defendants by fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that all of the named Defendants and DOES 1-10 were or are, in some way or manner, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

## GENERAL BACKGROUND

12. Plaintiff began his career in the mailroom of the William Morris Agency in the 1960's. He later became employed by the American Broadcasting Company, where he rose to become a senior executive who, among other things, pioneered the "Movie of the Week" television format.

13. Plaintiff went on to become Chairman and CEO of Paramount Pictures Corporation, where among other things he green-lighted highly successful motion pictures such as "Grease" and "Raiders of the Lost Ark."

14. After approximately ten years with Paramount, Plaintiff became Chairman and CEO of Fox, Inc. During his tenure at Fox, Plaintiff followed up on his previous successes by creating the Fox television network and launching a number of hit shows, including "The Simpsons."

15. Plaintiff has also run a number of other companies, including USA Network, QVC (a teleshopping network), and Home Shopping Network.

16. Plaintiff currently serves as the Chairman and Senior Executive of IAC/InterActiveCorp ("IAC"), a leading internet company that owns more than 50 websites that attract hundreds of millions of visitors, including for example Match.com, Ask.com, Vimeo.com, Citysearch.com, TheDailyBeast.com, and CollegeHumor.com. Plaintiff also currently serves as Chairman and Senior Executive of both Expedia, Inc. and TripAdvisor, Inc., which operate a number of well known travel-related websites.

17. Due to his hard work, diligence, and history of successes during the course of his 40-plus year career, as well as due to media attention focused on his successful business activities, Plaintiff and his name have become well known and widely recognized in the United States.

18. In October 2010, certain major broadcasting companies filed suit against Defendant FilmOn for copyright infringement. In November 2010, they obtained a temporary restraining order that prevented FilmOn and its agents from using FilmOn's technology to enable consumers to access broadcast TV signals.

19. In February 2012, Plaintiff and IAC backed the launch of Aereo, Inc. ("Aereo"), a technology company that provides consumers access to a technology platform that can be used to view over-the-air broadcast television on internet-connected devices. Aereo has received high praise from reviewers at multiple media outlets. Aereo currently operates only in the New York metropolitan area.

20. In March 2012, certain major broadcasting companies sued Aereo for copyright infringement and sought to enjoin the operation of its business. In July 2012, Aereo prevailed on the broadcasters' motion for a preliminary injunction, which was denied as described in *American Broadcasting Companies, Inc., et al. v. Aereo, Inc.*, ___ F.Supp.2d ___, 2012 WL 2848158 (S.D.N.Y. July 11, 2012).

21. Plaintiff's name has been prominently featured in news reports about Aereo, including reports about Aereo's successful defense against the preliminary

injunction motion with respect to the copyright infringement claims brought against it. The case, and Plaintiff's association with Aereo, have been widely publicized by the media.

## DEFENDANTS' WRONGFUL CONDUCT

22. Plaintiff is informed and believes that within 30 days of the Aereo court ruling, Defendants launched their internet streaming service, "BarryDriller.com". Defendants claim that "BarryDriller.com" offers a service that is similar to Aereo's platform. They claim that their service enables its subscribers to watch and/or record live television broadcasts through internet-connected devices. Defendants also claim to offer this service in four geographic markets, including New York, where Aereo operates.

23. The name "BarryDriller" (and/or "Barry Driller") is prominently displayed in multiple locations on Defendants' "BarryDriller.com" website, including at the top and the bottom of every webpage.

24. The terms "BarryDriller.com," "BarryDriller" and "Barry Driller" are substantially similar to Plaintiff's name, "Barry Diller," and are therefore likely to mislead consumers into believing that there is an association between Plaintiff and "Barry Driller.com" when in fact there is not.

25. The confusing similarity between the two names reflects an intentional and calculated decision by Defendants to trade on Plaintiff's name to attract consumers to Defendants' business and try to divert consumers from the Aereo business supported by Plaintiff to Defendant's business. In fact, David himself has admitted that the name "BarryDriller" was derived from Plaintiff's name. In a recent Wall Street Journal article published on August 9, 2012, David admitted that the name "BarryDriller" is an "homage to a great guy..."

26. By intentionally selecting a name that is confusingly similar to Plaintiff's name, Defendants are likely to confuse and divert consumers, inducing them to use Defendants' service rather than the business backed by Plaintiff.

27. Defendants' conduct as described above is completely unauthorized. At no point has Plaintiff ever approved, authorized, or acquiesced in Defendants' use of his name in relation to "BarryDriller.com" or in any other context. To the contrary, Plaintiff has demanded that Defendants immediately cease and desist from all uses of his name, or confusingly similar renditions of his name, which could lead to consumer confusion and/or the misappropriation of Plaintiff's goodwill. Defendants have ignored Plaintiff's demands.

28. Defendants' infringing and unlawful conduct is causing and will continue to cause Plaintiff substantial and irreparable injury by, among other things, misleading consumers into believing that Plaintiff sponsors or endorses the BarryDriller website and/or internet streaming service. Plaintiff believes that Defendants' products and services do not meet the high standards for quality that Plaintiff demands of all products and services with which his name is associated, and in any event Plaintiff has no desire to be associated with Defendants or their business. Defendants' conduct is causing and will continue to cause Plaintiff substantial and irreparable injury by misappropriating his rights in his name and identity. Defendants have also arrogated wholly to themselves any income they have wrongfully received from their misuse of Plaintiff's name and identity. Furthermore, by intentionally selecting a name which is confusingly similar to Plaintiff's name, Defendants are unlawfully attempting to confuse and divert consumers, tricking them into using Defendants' service instead of the business backed by Plaintiff. In short, Defendants' unlawful conduct constitutes an unauthorized and intentional attempt to free-ride off the valuable goodwill developed by Plaintiff over the course of his long and successful business career.

## FIRST CLAIM FOR RELIEF

(False Designation of Origin and False Endorsement

Under the Lanham Act, 15 U.S.C. § 1125(a))

(Against All Defendants)

29. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 28 above.

30. Defendants' wrongful conduct as described above has damaged and is continuing to damage Plaintiff's rights in his name and identity by, among other things, distorting and exploiting those rights without Plaintiff's permission, thus diminishing their value, including without limitation their value for any future licensing.

31. Further, Defendants have injured and continue to injure Plaintiff by attempting to draw an association between him and their own service, even though Plaintiff has not chosen to associate himself with their service and has no desire to be associated with it, and even though a business backed by Plaintiff, Aereo, is in competition with Defendants' purported service.

32. Defendants have also injured Plaintiff by commercially exploiting Plaintiff's name and identity without Plaintiff's retaining control thereof or receiving any income properly owing to him as the sole owner of commercial endorsement rights in his name and identity.

33. By reason of the foregoing, Plaintiff asserts a claim against Defendants for injunctive relief, damages, costs and attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

(Violation of Common Law Right of Publicity)

(Against All Defendants)

34. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 33 above.

35. Through Defendants' use of a term which is substantially and confusingly similar to Plaintiff's name, Defendants have misappropriated Plaintiff's rights in his name and identity as provided under the common law right of publicity.

36. In exploiting Plaintiff's exclusive publicity rights as described above, Defendants have damaged and are continuing to damage those rights by, among other things, tarnishing and exploiting those rights without Plaintiff's permission, thus diminishing their value, including without limitation their value for future licensing. Further, Defendants have injured and continue to injure Plaintiff by exploiting his publicity rights without Plaintiff's retaining control thereof or receiving any income properly owing to him as the sole owner of his rights of publicity.

37. Defendants' wrongful actions as described above are causing Plaintiff irreparable harm, and have damaged and continue to damage Plaintiff in an amount yet to be determined.

38. Defendants did not engage in the above-described wrongful actions out of any sincere or proper motive, but did so knowingly, willfully, oppressively, and maliciously, intending to appropriate to themselves without compensation what they knew to be Plaintiff's valuable rights. Said misconduct was also fraudulent, in that the public has been misled and will continue to be misled to believe, incorrectly, that Plaintiff consented to such commercial use of his name and identity, when in fact he did not, and that Plaintiff is somehow associated with Defendants' website and streaming service, when in fact he is not.

39. In engaging in the conduct alleged herein, Defendants acted with oppression, fraud, and/or malice, and Plaintiff is therefore entitled to an award of punitive damages according to proof.

### THIRD CLAIM FOR RELIEF

(Violation of Statutory Right of Publicity

Under California Civil Code § 3344)

(Against All Defendants)

40. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 39 above.

41. Defendants have misappropriated Plaintiff's rights in his name as provided under California Civil Code § 3344.

42. In knowingly exploiting Plaintiff's name as described above, Defendants have damaged and are continuing to damage Plaintiff's publicity rights by, among other things, tarnishing and trivializing those rights, thus diminishing their value, including without limitation their value for future licensing. Further, Defendants have injured and continue to injure Plaintiff by purporting to exercise Plaintiff's publicity rights without Plaintiff's retaining control thereof or receiving any income properly owing to him as the sole owner of his right to publicity.

43. Defendants' wrongful actions as described above are causing Plaintiff irreparable harm, and have damaged and continue to damage Plaintiff in an amount yet to be determined.

44. Defendants did not engage in the above-described wrongful actions out of any sincere or proper motive, but did so knowingly, willfully and oppressively, intending to appropriate to themselves without compensation what they knew to be Plaintiff's valuable rights. Said misconduct was also fraudulent, in that the public has been misled and will continue to be misled to believe, incorrectly, that Plaintiff consented to such commercial use of his name and identity, when in fact he did not, and that Plaintiff is somehow associated with Defendants' website and streaming service, when in fact he is not.

45. In engaging in the conduct alleged herein, Defendants acted with oppression, fraud, and/or malice, and Plaintiff is therefore entitled to an award of

punitive damages according to proof.

## FOURTH CLAIM FOR RELIEF

(Cyberpiracy Under the Lanham Act, 15 U.S.C. §1125(d))

(Against All Defendants)

46. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 45 above.

47. On information and belief, Defendants registered the domain name BarryDriller.com for purposes of hosting a website to promote, market, and sell their BarryDriller service.

48. Plaintiff's name was famous and distinctive at the time Defendants registered the BarryDriller.com domain name. Defendants' domain name is nearly identical and confusingly similar to Plaintiff's name, "Barry Diller." The only difference between the two is a single "r" that Defendants inserted after the "D" in Plaintiff's surname.

49. Defendants registered and are now using the BarryDriller.com domain name with a bad-faith intention to profit from that domain name and its confusing similarity to Plaintiff's name. Defendants have no intellectual property rights in Plaintiff's name or in the BarryDriller.com domain name. Prior to registering the domain name, Defendants never made any bona fide offering of goods or services with the "BarryDriller" mark or BarryDriller.com domain name.

50. By selecting a domain name which is confusingly similar to Plaintiff's name, Defendants are unfairly attempting to divert consumers and potential business, so that consumers will unwittingly use Defendants' service instead of the Aereo business actually supported by Plaintiff.

51. Defendant's cyberpiracy has caused and, unless and until enjoined and restrained by order of this Court, threatens to and will continue to cause great and irreparable harm to Plaintiff.

52. By reason of the foregoing, Plaintiff asserts a claim against

1  Defendants for injunctive relief, damages, costs and attorneys' fees pursuant to 15
2  U.S.C. §§ 1125, 1116, and 1117.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants as follows:

1. For a preliminary and a permanent injunction prohibiting Defendants from using "Barry Diller," "Barry Driller," "Barrydriller.com," "Barry Driller, Inc.," "BarryDriller Content Systems Plc.," any confusingly similar variant of the foregoing, or any other aspect of the name, voice, likeness, or other indicia of identity of Plaintiff Barry Diller to operate Defendants' commercial websites, promote Defendants' business, or in any other manner infringe Plaintiff's trademarks, rights of publicity and other rights;

2. For an order requiring transfer of the BarryDriller.com domain name to Plaintiff;

3. For compensatory and general damages in an amount to be proven at trial, or in the alternative, statutory damages;

4. For punitive and exemplary damages;

5. For prejudgment interest on any recovery by Plaintiff;

6. For costs of suit incurred herein, including reasonable attorneys' fees and expenses; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 21, 2012

Robert H. Platt
Mark S. Lee
Seth Reagan
Manatt, Phelps & Phillips, LLP

By: /s/ Robert H. Platt
Robert H. Platt
*Attorneys for Plaintiff*
BARRY DILLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV12- 7200 MMM (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ROBERT H. PLATT (Bar No. CA 108533)
MARK S. LEE (Bar No. CA 094103)
SETH REAGAN (Bar No. CA 279368)
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone:     (310) 312-4000
Facsimile:     (310) 312-4224

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY DILLER, an individual,<br><br>PLAINTIFF(S)<br>v.<br>BARRYDRILLER CONTENT SYSTEMS PLC.; BARRY DRILLER, INC.; AEREOKILLER, LLC; FILMON.COM, INC.; ALKIVIADES DAVID A/K/A ALKI DAVID, an individual; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-07200 MMM(Ex)<br><br>SUMMONS |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorneys, <u>Robert H. Platt, Mark S. Lee, and Seth Reagan</u>, whose address is <u>11355 West Olympic Boulevard, Los Angeles, CA  90064-1614</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:  AUG 2 1 2012

Clerk, U.S. District Court

By:  JULIE PRADO
     Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BARRY DILLER, an individual,

**DEFENDANTS**
BARRYDRILLER CONTENT SYSTEMS PLC.; BARRY DRILLER, INC.; AEREOKILLER, LLC; FILMON.COM, INC.; ALKIVIADES DAVID A/K/A ALKI DAVID, an individual; and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert H. Platt (CA 108533) / Mark S. Lee (CA 094103)
Seth Reagan (CA 279368)
MANATT, PHELPS & PHILLIPS, LLP
11355 W. Olympic Blvd., Los Angeles, CA 90064-1614
Phone: (310) 312-4000 / Fax: (310) 312-4224

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $ Not Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC Section 1125 A

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 371 Truth in Lending | | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | |
| ☐ 810 Selective Service | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco-mmodations | | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 365 Personal Injury- Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-07200

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): 2:12-CV-06921; 2:12-CV-06950

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| N/A Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| N/A Beverly Hills | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| N/A Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Mcoeh Lee_ Date 8-21-12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com