ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 094103)
mlee@manatt.com
SETH REAGAN (Bar No. CA 279368)
sreagan@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

Attorneys for *Plaintiff*
BARRY DILLER

RYAN G. BAKER (Bar No. CA 214036)
rbaker@bakermarquart.com
JAIME MARQUART (Bar No. CA 200344)
jmarquart@bakermarquart.com
CHRISTIAN ANSTETT (Bar No. CA 240179)
canstett@bakermarquart.com
BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, CA 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

Attorneys for *Defendants*
ALKIVIADIES DAVID, FILMON.COM, INC. AND
AEREOKILLER LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY DILLER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BARRYDRILLER CONTENT SYSTEMS PLC.; BARRY DRILLER, INC.; AEREOKILLER, LLC; FILMON.COM, INC.; ALKIVIADES DAVID A/K/A ALKI DAVID, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. CV 12-07200 ABC (JCx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge:　Honorable Audrey B. Collins<br><br>Courtroom: 680 |

1  ALKIVIADES DAVID, an individual; FILMON.COM, INC., and
2  AEREOKILLER, LLC,
3        Counterclaim Plaintiffs,
4     vs.
5  BARRY DILLER, an individual,
6        Counterclaim Defendant.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Barry Diller ("Plaintiff") and defendants and counterclaimants Alkiviades David, FilmOn.com, Inc., and Aereokiller, LLC ("Defendants"), by and through their attorneys, hereby jointly report on the early meeting, held on November 9, 2012 pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Meeting and Conference.

### 1. NATURE AND BASIS OF CLAIMS AND DEFENSES

#### A. Plaintiff's Statement:

Plaintiff contends that Defendants have misappropriated Plaintiff's name and goodwill, using a confusingly similar variant of Plaintiff's name for a website and service called "BarryDriller.com." He asserts that Defendants' actions constitute (1) false designation of origin under the Lanham Act (15 U.S.C. § 1125(a), *et seq.*), (2) a violation of Plaintiff's common law and statutory rights of publicity, and (3) cybersquatting under the Lanham Act (15 U.S.C. §1125(e), *et seq.*). This Court has entered a preliminary injunction in favor of Plaintiff herein.

#### B. Defendants' Statement:

Defendants deny all liability with respect to Plaintiff's claims. Among other things, Defendants deny that Plaintiff held protectable trademark interests in the name "Barry Diller." Defendants further deny that there is any likelihood of consumer confusion between Defendants' website and services and Plaintiff's identity, because Defendants' website was a clear, cartoonish parody. Defendants have filed a counterclaim for declaratory relief against Plaintiff, seeking, among other things, a designation that Defendants have not violated the Lanham Act with regard to false designation or cybersquatting; declaring that Defendants have not violated California common or statutory law concerning the right of publicity; and awarding costs and attorneys' fees in accordance with 15 U.S.C. §1117.

### 2. INITIAL DISCLOSURES

The parties agree to exchange the initial disclosure information by December 10, 2012.

### 3. COMPLEX CASE

The parties do not believe this is a complex case.

### 4. LIKELIHOOD OF ADDING PARTIES OR AMENDING THE PLEADINGS

At this time, the parties do not believe it likely that they will add parties to the lawsuit or amend the pleadings. They may agree to substitute parties to the extent any presently named party has been or is acquired by a successor entity.

### 5. DISPOSITIVE MOTIONS

A.   Plaintiff's Statement:

Plaintiff anticipates filing a Motion for Summary Judgment on each of Plaintiff's causes of action.

B.   Defendants' Statement:

Defendants anticipate filing a Motion for Summary Judgment on each of Plaintiff's causes of action.

### 6. SETTLEMENT DISCUSSIONS AND PROCEDURE

Counsel for the parties have discussed settlement options and will continue to discuss the same. The parties are open to the possibility of private mediation.

### 7. DISCOVERY PLAN

As stated in Paragraph 2, above, the parties agree to exchange Initial Disclosures on or before December 10, 2012. The parties agree to a fact discovery cutoff date of July 10, 2013, and an expert discovery cutoff date of September 10, 2013. The parties agree that no changes are necessary to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). The parties do not propose any additional limitations on discovery beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and this Court's Standing Order.

Discovery should be produced electronically in .pdf or .tiff format whenever practicable. The parties agree to submit to the Court a Protective Order to protect confidential materials. Counsel for each party represents that both

Plaintiff and Defendants have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action.

The parties anticipate that discovery will be needed on the following subjects:

### A. Plaintiff's Statement:

Plaintiff anticipates taking discovery concerning at least the following topics:

Information and documents related to all of Defendants' business and other websites; information and documents related to research, licensing, or clearance of content on Defendants' websites; information and documents related to Defendants' use of the term "Barry Driller" or similar variants thereof; information and documents related to communications using the term "Barry Driller" or similar variants thereof; information and documents related to the formation of Defendants' business and other entities; information and documents related to Defendants' adoption of the term "Barry Driller" or similar variants thereof; information and documents related to press releases or other communications or efforts to promote Defendants' business and other entities; information and documents related to Defendants' customers; information and documents related to gross revenues earned and other monies received by Defendants; information and documents related to Defendants' financial statements.

### B. Defendants' Statement:

Defendants anticipate taking discovery concerning at least the following topics:

Plaintiff's efforts to obtain a trademark for the alleged "Barry Diller" mark; Plaintiff's efforts to establish a website with the URL www.barrydiller.com; Plaintiff's efforts to otherwise monetize the alleged "Barry Diller" mark; income and/or revenues derived from the alleged "Barry Diller" mark; the confusion by

consumers of Defendants' website and services with Plaintiff (including potential expert discovery on these topics); Plaintiff's personal celebrity and media/news articles concerning Plaintiff and his business accomplishments; Plaintiff's efforts to mitigate damages; and the alleged harm to Plaintiff's image and/or mark.

## 8. TRIAL

Defendant Alkiviades David has requested a jury trial. The parties estimate that trial will last for approximately 4 days.

## 9. PROPOSED SCHEDULE

The parties propose the following pretrial and trial schedule:

| Activity | Proposed Date |
| --- | --- |
| Initial Disclosures Due | December 10, 2012 |
| Deadline to Amend Pleadings and add parties | March 1, 2012 |
| Fact Discovery Deadline | July 10, 2013 |
| Expert Designation Deadline | July 15, 2013 |
| Initial Expert Reports Under Fed.R.Civ.P. 26 Due | August 1, 2013 |
| Rebuttal Expert Designation Deadline | August 7, 2013 |
| Expert Rebuttal Reports Due | August 21, 2013 |
| Expert Discovery Deadline | September 10, 2013 |
| Motion Filing Deadline | September 16, 2013 |
| Last Day to Lodge Pre-Trial Conference Order | 11 days before conference (L.R. 16-7) |
| Pre-Trial Conference | Close to trial as practicable |
| Trial | December 10, 2013 |

## 10. REMAINING ISSUES

The parties are not aware at this time of any other issues affecting the status or management of the case.

## 11. SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF

The parties do not have any proposals regarding severance, bifurcation, or other ordering of proof.

Dated: November 26, 2012

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT
MARK S. LEE
SETH REAGAN

By: /s/ Robert H. Platt
Robert H. Platt
*Attorneys for Plaintiff*
BARRY DILLER

Dated: November 26, 2012

BAKER MARQUART LLP
RYAN G. BAKER
JAIME MARQUART
CHRISTIAN A. ANSTETT

By: /s/ Ryan G. Baker
Ryan G. Baker
*Attorneys for Defendants*
Alkiviades David, FilmOn.com, Inc., and Aereokiller, LLC

305597578.2